UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JEREMIAH M. FERGUSON

       Plaintiff,

  -v-                                     09-CV-6528L

                                            **DECISION AND ORDER**

COMMISSIONER OF TAXATION AND FINANCE,

       Defendant.
_____

Plaintiff Jeremiah Ferguson has filed a *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has paid the filing fee. Plaintiff claims that the defendant, Commissioner of Taxation and Finance, owes him a New York State sales tax refund of $80.00 related to the purchase of a new vehicle and sale of his used vehicle. For the reasons discussed below, plaintiff's complaint must be dismissed.

A United States district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-80(1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." Hughes v. Patrolmen's Benevolent Assoc. of the City of New York,

Inc., 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967(1988) (citations omitted).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); see also Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983)).

Nevertheless, even pleadings submitted *pro se* must meet the jurisdictional requirements of the Court. The basis for the subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a district court's subject matter jurisdiction may be exercised only when a "federal question" is presented, or when the plaintiff and the defendant are of diverse citizenship and the

amount in controversy exceeds the sum or value of $75,000.00. See 28 U.S.C. §§ 1331, 1332. A party seeking relief in a district court must at least plead facts which bring the action within the court's jurisdiction. See Fed.R.Civ.P. 8(a)(1). Failure to plead such facts warrants dismissal of the action. Fed.R.Civ.P. 12(h)(3); see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574(1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]"); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990) (courts have an independent obligation to examine the basis of their jurisdiction); Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir.1983) (noting that courts must dismiss cases sua sponte for lack of subject matter jurisdiction).

Plaintiff alleges that he is filing this action pursuant to 42 U.S.C § 1983, the statute that would arguably allow this Court to assert jurisdiction, however, he has not stated a claim. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)). Nothing described in plaintiff's complaint suggests that he suffered a constitutional deprivation that would state a

3

claim under § 1983. The Court finds that plaintiff's claims must be dismissed for lack of jurisdiction in this Court to review the complaint.

**SO ORDERED.**

                                                    s/Michael A. Telesca
                                                      MICHAEL A. TELESCA
                                       United States District Judge

Dated:     November 6, 2009
           Rochester, New York